**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS CHAMBLISS,** | : |
| **Plaintiff** | : |
| **v.** | : **CIVIL ACTION NO. 3:14-2435** |
| **OFFICER JONES, <u>et al</u>.,** | :     **(Judge Mannion)** |
| **Defendants** | : |

<u>**MEMORANDUM**</u>

## I. <u>Background</u>

Thomas Chambliss, an inmate presently confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed this *pro se* <u>Bivens</u>[1] action pursuant to 28 U.S.C. §1331. (Doc. 1, complaint). The named Defendants are Officer Jones, and J. L. Norwood, Northeast Regional Director. <u>Id.</u> Along with his complaint, Plaintiff submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed *in forma pauperis* under 28 U.S.C. §1915, <u>e.g.,</u> the full

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A <u>Bivens</u>-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. <u>See</u> Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988)(Nealon, J.)

filing fee ultimately must be paid (at least in a non-habeas suit). Also, the section requires screening complaints in prisoner actions.

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. §1915(e)(2)(B)(ii).

## II.  Allegations in the Complaint

On January 27, 2014, Plaintiff states that Defendant, Officer Jones, "came to the Plaintiff's cell-door while Plaintiff was standing at the door, and called the Plaintiff a 'sexy black motherfucker', then he stuck his tongue out and licked two of his fingers and wiped those same fingers down the glass on the Plaintiff's cell-door window." (Doc. 1 at 2).

Plaintiff alleges that Defendant Jones' actions "exhibited sexual harassment, which constitutes an injury, as the Eighth Amendment of the U.S. Constitution prohibits officers from sexually harassing prisoners." Id.

On April 11, 2014, Plaintiff states that he notified Defendant, Northeast Regional Director J. L. Norwood about Defendant Jones' behavior. Norwood responded "by acting pursuant to Program Statement 3420.09[2], instead of the

---

[2]Program Statement 3420.09, renumbered 3420.11, contains the policies and procedures associated with the "Standards of Conduct" of all Bureau of Prisons employees. See www.bop.gov/progstat/3420.11

correct Program Statement 5324.11[3], which would have required Defendant Norwood to administer the provisions of 28 C.F.R. §115.61-89, and Defendant Norwood's intentional application of the wrong program statement constituted a failure to protect violation" in that "28 C.F.R. §115 gives a person of ordinary intelligence fair notice of its scope, yet the Plaintiff has not been afforded post allegation protective custody in accord with 28 C.F.R. §115.68, nor has the proper investigations been administered in accord with 28 C.F.R. §115.71[4], due to Defendant Norwood not applying the correct program statement, when Plaintiff brought the issue to his attention." (Doc. 1 at 4). For relief, Plaintiff seeks compensatory damages. Id.

## III. Discussion

Title 28 U.S.C. §1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[3]Program Statement 5324.11, contains the policies and procedures associated with the Bureau of Prisons' Sexually Abusive Behavior Prevention and Intervention Program.

[4]Title 28 C.F.R. §115.71, is entitled Criminal and Administrative Agency Investigations.

against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted...." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service)—failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S.Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me

4

accusation." Id., 120 S.Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir.2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Chambliss' complaint contains allegations of verbal and sexual harassment. Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir.1973); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000). Accordingly, any claim of verbal assault fails to state a cognizable claim.

Additionally, Chambliss fails to state any claim under the Eighth Amendment for sexual harassment. While the United States Court of Appeals for

the Third Circuit has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate, other circuits have addressed this issue. "To prevail on a constitutional claim of sexual harassment, an inmate must ... prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, Farmer v. Brennan, 511 U.S. 825, 834 (1994), Courts of Appeals have held that sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction. See, e.g., Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000) (Eighth Amendment is violated when an inmate endures verbal sexual harassment from prison guards plus physical sexual assault or threats of physical sexual assault); DeWalt, 224 F.3d at 612 (Mere verbal sexual harassment without accompanying physical contact is not enough to state a claim for Eighth Amendment violation); Murray v. United States Bureau of Prisons, 106 F.3d 401 (6th Cir.1997) (offensive remarks regarding a transsexual prisoner's appearance, lifestyle, and presumed sexual preference do not state an Eighth Amendment claim); Morales v. Mackalm, 278 F.3d 126, 129 (2d Cir.2002) (demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311 n. 11 (10th Cir.1998) (severe verbal sexual harassment and intimidation are not

6

sufficient to state a claim under the Eighth Amendment); Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir.2006) (solicitation of prisoner's masturbation, even under the threat of retaliation, does not violate the Eighth Amendment).

While the behavior alleged by Chambliss on the part of Defendant Jones may be inappropriate, without allegations of direct physical contact and, or, pain, it does not rise to the level of an Eighth Amendment violation. Further, although unprofessional, the sexual comments and gestures allegedly made by Jones do not state a constitutional violation. As such, any sexual harassment claim is not cognizable.

Nor can Chambliss sustain an Eighth Amendment claim against Defendant Norwood based solely upon assertions that he failed to adequately investigate Plaintiff's grievance. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137–138 (1977); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x. 924 (3d Cir.2005) (involvement in post-incident grievance process not a basis for §1983 liability); Pryor–El v. Kelly, 892 F.Supp. 261, 275 (D.D.C.1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Before dismissing a complaint for failure to state a claim upon which relief

may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir.2002).   Since it is clear from Plaintiff's complaint that this was a one-time isolated incident, which did not result in any physical contact, or pain, in violation of the Eighth Amendment, the Court finds that amendment on these claims would be futile. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. §1915(e)(2)(B)(ii). A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    January 26, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2435-01.wpd

8